*Dr. Lula Mae STAGO*
Petitioner-Appellee

*vs.*

*WIDE RUINS COMMUNITY SCHOOL, Inc.*
Respondent-Appellant

In the Supreme Court of the Navajo Nation

**No. SC-CV-63-99**

May 4, 2001

Stephen K. Smith, Esq., and Howard Brown, Esq. Flagstaff, Arizona, for Appellant.

Lawrence A. Ruzow, Esq., Window Rock, Navajo Nation (Arizona), for Appellee.

Before YAZZIE, Chief Justice, and AUSTIN and MORRIS, Associate Justices.

Opinion delivered by Yazzie, Chief Justice.

In December 1999, the Navajo Nation Labor Commission ("Commission") awarded the Appellee, Dr. Lula Mae Stago, back pay, out-of-pocket expenses, and attorney's fees upon finding that the Appellant, Wide Ruins Community School, Inc. ( "Wide Ruins") had violated the Navajo Preference in Employment Act ("NPEA"). The issue before us is whether the Federal Tort Claims Act ("FTCA") precluded the Commission from hearing the case. We hold that under the FTCA, Wide Ruins can only be sued in federal court and thus the Commission lacked jurisdiction over Dr. Stago's claims.

## I

Wide Ruins' status as a tribally controlled school (or grant school) pursuant to federal law (Tribally Controlled Schools Act, 25 U.S.C. §§ 2501-2511) and sanctioned as such by the Navajo Nation is not in dispute. Wide Ruins has been a tribally controlled school since February 1, 1998. A tribally controlled school is "a school, operated by a tribe or a tribal organization, enrolling students in kindergarten through grade 12, including preschools, which is not a local educational agency and which is not directly administered by the Bureau of Indian Affairs." 25 U.S.C. § 2511(5).

In January 1998, the school board for Wide Ruins interviewed Dr. Stago and Albert A. Yazzie for the position of executive director of Wide Ruins. According

to school board guidelines, a Master's Degree in Educational Administration was required for the position, although the board might allow for such alternatives as it found "appropriate and acceptable." Commission's Interim Order at 3 (August 20, 1999). The board hired Mr. Yazzie for the position, although he lacked the required degree (which Dr. Stago possessed).

Dr. Stago filed a complaint with the Commission, alleging that Wide Ruins had violated the NPEA, 15 N.N.C. §§ 601 *et seq.*, by hiring Mr. Yazzie. Specifically, Dr. Stago claimed that the school board failed to hire the best qualified Navajo for the position. The Commission agreed, and after finding that Dr. Stago had no duty to mitigate damages by accepting the higher paying position of principal, awarded her back pay and out-of-pocket expenses in the amount of $27,700, along with attorney's fees in the amount of $8,633.47. The Commission further ordered Wide Ruins to readvertise for the position of executive director. Wide Ruins appealed to this Court, contending *inter alia* that the Commission lacked subject matter jurisdiction over Dr. Stago's action and that the federal courts have exclusive jurisdiction. This Court first denied the appeal, but later agreed to reconsider the case. Dr. Stago cross appeals on the time period of her back pay award and the hourly rate set by the Commission for her attorney's fees.

## II

### A. The Federal Tort Claims Act

According to 25 U.S.C. § 450f, Historical and Statutory Notes, "an Indian tribe, tribal organization or Indian contractor" acting under the Tribally Controlled Schools Act of 1988, 25 U.S.C. §§ 2501-2511, or the Indian Self-Determination and Education Assistance Act of 1975, 25 U.S.C. §§ 450 et. seq., "is deemed hereafter to be part of the Bureau of Indian Affairs in the Department of the Interior or the Indian Health Service in the Department of Health and Human Services" with respect to civil suits against them. Any civil claim against tribes, organizations, and contractors covered under the two Acts "shall be deemed to be an action against the United States and will be defended by the Attorney General and be afforded the full protection and coverage of the Federal Tort Claims Act." Thus, Wide Ruins is part of the Bureau of Indian Affairs and it is protected by the FTCA. The United States specifically waived its sovereign immunity regarding claims against grant schools that fall under the two Acts. However, such claims must be litigated in federal district court, as Congress granted these courts "exclusive jurisdiction" over FTCA claims. 28 U.S.C. § 1346(b).

According to 25 U.S.C. § 450f, tribal organizations performing functions authorized by the Tribally Controlled Schools Act of 1988 are considered part of the Bureau of Indian Affairs. Suits against such organizations must be brought under the FTCA, as this is the only instance in which the United States has waived the sovereign immunity that would usually be accorded the Bureau of Indian Affairs in these cases. Wide Ruins is a tribal organization operating

a tribally-controlled school under the Tribally controlled Schools Act. Thus, Wide Ruins can only be sued in federal court, under the FTCA. The commission therefore lacked jurisdiction over Dr. Stago's claims.

## B. 25 U.S.C. § 450e(c)

Dr. Stago wants the Tribally-Controlled Schools Act construed narrowly to support the Navajo Nation's and federal government's goal of enhancing tribal sovereignty, and Congress' express authorization for use of "tribal employment ... preference laws." *See* 25 U.S.C. § 450e(c). This statute says:

> Notwithstanding subsections (a) and (b) of this section [which deals with wage and labor standards and Indian preference in employment], with respect to any self-determination contract, or portion of a self-determination contract, that is intended to benefit one tribe, the tribal employment or contract preference laws adopted by such tribe shall govern with respect to the administration of the contract or portion of the contract.

Dr. Stago also wants the FTCA construed to cover only personal injury actions against grant schools.

We are not persuaded by Dr. Stago's arguments. Section 450f, Historical and Statutory Notes, explicitly states that "any civil action" pursuant to the Tribally Controlled Schools Act "shall be deemed an action against the United States ... and be afforded the full protection and coverage of the Federal Tort Claims Act." The FTCA explicitly states that "any claim" against a tribal organization covered by the Tribally Controlled Schools Act must be brought under the FTCA in federal court. Also, there is no evidence that Congress wanted to limit suits against grant schools to personal injury actions. We find that Dr. Stago's claims belong in federal court.

## III

Because tribal organizations running tribally-controlled schools are considered part of the Bureau of Indian Affairs for the purpose of civil suits against them, suits against such organizations must be brought in federal court under the FTCA.

The Commission's decision is therefore vacated, and Dr. Stago's case is dismissed due to lack of subject matter jurisdiction.